## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS

**Delena A. Spears**                                                            **Plaintiff**

**v.**                                   **No. 4:15-CV–617-SWW-JTK**

**Carolyn W. Colvin, Acting Commissioner,**
**Social Security Administration**                                        **Defendant**

### Recommended Disposition

**Instructions**.  The following recommended disposition was prepared for U.S.

District Judge Susan W. Wright.  A party to this dispute may file written objections to

this recommendation.  An objection must be specific and state the factual and/or legal

basis for the objection.  An objection to a factual finding must identify the finding and

the evidence supporting the objection.  Objections must be filed with the clerk of the

court no later than 14 days from the date of this recommendation.[1]  The objecting party

must serve the opposing party with a copy of an objection.  Failing to object within 14

days waives the right to appeal questions of fact.[2]  If no objections are filed, Judge

Wright may adopt the recommended disposition without independently reviewing all

of the record evidence.

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

**Background**.  Delena A. Spears seeks judicial review of the denial of her application for social security disability benefits.[3]  Spears worked at a bait shop when she was diagnosed with hepatitis C.[4]  She quit her job and applied for disability benefits.[5]  She based disability on hepatitis C, hypothyroidism, cirrhosis of the liver, and depression.[6]

**The Commissioner's decision**.  The ALJ identified adjustment disorder, polysubstance abuse by history, hepatitis C, cirrhosis of the liver, and migraines as severe impairments.[7]  The ALJ determined Spears can do unskilled light work.[8]  The ALJ consulted a vocational expert, determined jobs existed that Spears could do, and denied the application.[9]

After the Appeals Council denied review,[10] the ALJ's decision became the

---

[3]SSA record at pp. 194 & 200 (applying on Jan. 23, 2013 and alleging disability beginning Jan. 22, 2013).

[4]*Id*. at pp. 232, 245 & 251.

[5]*Id*. at p. 527 (telling doctor she was told to get disability because she has cirrhosis and hepatitis C).

[6]*Id*. at p. 243.

[7]*Id*. at p. 14.

[8]*Id*. at p. 16.

[9]*Id*. at pp. 19-20.

[10]*Id*. at p. 1.

Commissioner's final decision for the purpose of judicial review.[11]  Spears filed this case to challenge the decision.[12]  In reviewing the decision, the court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.[13]  This recommendation explains why the court should affirm the decision.

**Spears's allegations**.  Spears challenges three aspects of the decision: (1) development of the record, (2) the psychiatric review technique, and (3) the determination that she can do unskilled light work.  She contends substantial evidence does not support the decision.[14]

**Applicable legal principles**.  For substantial evidence to exist, a reasonable mind must accept the evidence as adequate to show Spears can do light work.[15]  "Light work

---

[11]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating that "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[12]Docket entry # 1.

[13]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

[14]Docket entry # 11.

[15]*Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990).

involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."[16]  The ALJ required unskilled work; that is, work involving (1) simple, routine, repetitive tasks; (2) incidental interpersonal contact; and (3) simple, direct, concrete supervision.[17]  A reasonable mind will accept the evidence as adequate to support the decision for the following reasons:

**1. Medical evidence established no disabling physical symptoms**.  The claimant must prove disabling symptoms with medical evidence; subjective allegations are not enough.[18]  On January 3, 2013, lab work confirmed the presence of hepatitis C[19]

---

[16]20 C.F.R. §§ 404.1567(b) & 416.967(b).

[17]SSA record at p. 16.

[18]42 U.S.C. § 423 (d)(5)(A) ("An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability…; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment…which could reasonably be expected to produce the pain or other symptoms alleged and which…would lead to a conclusion that the individual is under a disability"); 20 C.F.R. §§ 404.1508 & 416.908 ("A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms."); 20 C.F.R. §§ 404.1529 & 416.929 ("[S]tatements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.").

[19]SSA record at p. 357.

— an inflammatory disease of the liver.

After the lab work, a gastroenterologist examined Spears.  The gastroenterologist diagnosed hepatitis C, cirrhosis of the liver, and hypertension; he attributed cirrhosis to alcohol use and hypertension to cirrhosis.[20]  At that time, Spears's abdomen was distended, but she had no ascites in the abdomen.[21]  This finding is significant because ascites signal severe disease.[22]  At the hearing, Spears testified about numerous disabling symptoms, but treatment records contradicted the testimony.  According to agency medical experts, the medical evidence established no severe impairment.[23]

After the hearing, Spears began drug therapy for hepatitis C.  Treatment notes showed she tolerated treatment[24] until she over-dosed on an anti-depressant.  Spears was admitted to a hospital mental health unit and treated for elevated liver enzymes.[25]

---

[20]*Id*. at p. 387.  Spears had several risk factors for hepatitis C: meth use by injection, snorting, and smoking from 1997 to 2007, multiple blood transfusions in 1987, and four homemade tattoos before 1981.  *Id*. at p. 569.

[21]*Id*. at p. 396.

[22]Rebecca J. Frey, Hepatitis C, 4 The Gale Encyclopedia of Med. 2400 (5th ed.) ((listing symptoms of severe liver damage as nausea, vomiting , collection of fluid in the abdomen, and mental changes or severe psychiatric disturbances).

[23]SSA record at pp. 76, 92, 107 & 123.

[24]*Id*. at p. 569 (Jan. 30, 2014: second week of treatment, headaches responded well to baby aspirin, depression is well-controlled, some increased anxiety) & pp. 571-72 (Feb. 13, 2014: fourth week of treatment, some nausea and vomiting).

[25]*Id*. at p. 591.

The record doesn't detail the treatment, but later treatment records showed Spears had a good result.[26]  Plans were made to resume drug therapy.  No evidence suggests Spears lacked the capacity to do light work.

**2.  The ALJ accounted for mental impairment**.  On judicial review, Spears relies, in significant part, on mental impairment.  Because the ALJ rejected a therapist's medical statement, she contends the ALJ should have done more to develop the record.

The ALJ has a duty to fairly and fully develop the record as to the matters at issue.[27]  Spears's claim placed depression at issue.  The ALJ responded by ordering a mental diagnostic exam.  The mental examiner was unable to assess Spears's mental state due to exaggerated dramatic behavior; the examiner characterized exam results as invalid.[28]

Spears contends her mental state later deteriorated.  She relies on a one-time diagnosis of hepatic encephalopathy — a decline in brain function from severe liver

---

[26]*Id*. at pp. 619-620 (Mar. 21, 2014: she told her primary care provider that she had been hospitalized for overdosing on her anti-depressant; she was stabilized on psychotropic medication and discharged; she feels much better; upbeat), p. 618 (Apr. 8, 2014: she complained about shortness of breath and back pain, refer to cardiologist), p. 614 (Apr. 11, 2014: gynecological evaluation for issue with sexual intercourse) & p. 587 (Apr. 23, 2014: normal coronary arteries, normal stress test, she may have sleep apnea).

[27]*Landess v. Weinberger*, 490 F.2d 1187, 1189 (8th Cir. 1974).

[28]SSA record at pp. 430-32.

disease — but that diagnosis was a tertiary diagnosis by someone who is not an

acceptable medical source for the purpose of establishing a medically determinable

impairment.[29]  The medical statement flowed from a referral for marijuana addiction.[30]

Treatment for hepatitis C was delayed because Spears used marijuana.  Spears may

have suffered some depression and anxiety related to hepatitis C, but her primary

diagnosis was cannabis addiction.[31]

Spears insists her mental state deteriorated further, manifesting in a suicide

attempt, but the record documented hospitalization "in the Psychiatric unit for some

depression and altered mentation,"[32] not a suicide attempt.  Spears's report of a 14-day

hospitalization is unsubstantiated.  Even if Spears's mental state deteriorated due to

hepatitis C treatment,[33] she reported feeling much better a few days later.[34]

---

[29]*Id*. at pp. 492-93 (June 13, 2013: diagnosis by psychotherapist/licensed
psychological examiner, primary diagnosis cannabis dependence).

[30]*Id*. at p. 485 (referred by advanced practice nurse associated with hepatitis
treatment for marijuana use), p. 492 (referred to work on eliminating marijuana use so
she could undergo treatment for hepatitis C) & p. 484 (prescribing intensive substance
abuse treatment).

[31]*Id*. at p. 484 (Aug. 27, 2013: diagnosis by psychiatric advanced practice nurse, no
diagnosis of hepatic encephalopathy).

[32]*Id*. at p. 591.

[33]*Id*. at p. 591 ("female with depression and alteration of mentation possible
exacerbated by hepatitis treatment").

[34]*Id*. at p. 620.

Spears's argument about a flawed psychiatric review technique lacks support. The ALJ relied on mental health experts[35] and treatment records.  Her complaint is based on disagreement, rather than flawed process.   Spears contends the ALJ should have ordered a second mental exam, but the record provided sufficient evidence to determine whether Spears was disabled.[36]

Spears likely had some mental impairment.  She had minimum education.[37]  The mental diagnostic examiner diagnosed adjustment disorder and suspected borderline intellectual functioning;[38] the therapist who prepared the medical statement characterized Spears as average functioning.[39]  She took anti-depressant medication.  To the extent Spears was mentally impaired, the ALJ accounted for mental impairment by requiring work involving (1) simple, routine, repetitive tasks; (2) incidental interpersonal contact; and (3) simple, direct, concrete supervision.

3.  **Vocational evidence supports the decision**.  A vocational expert classified past work as a work bench operator as semi-skilled medium work, a warehouse worker

---

[35]*Id*. at pp. 80, 96, 112 & 128.

[36]*Barrett v. Shalala*, 38 F.3d 1019, 1023 (8th Cir. 1994).

[37]SSA record at p. 431 (reporting seventh grade education and GED certificate).

[38]*Id*. at p. 431.

[39]*Id*. at p. 491 (intelligence estimate: average).

as unskilled medium work, and a kitchen supervisor as skilled medium work.[40] Because this work exceeded light work, the ALJ determined Spears could do no past work.

The ALJ asked the vocational expert about available unskilled light work. The vocational expert identified assembly worker, warehouse checker, and checker/inspector.[41] The availability of these jobs shows work existed that Spears could do, regardless of whether such work existed where she lived, whether a job vacancy existed, or whether she would be hired if she applied for work.[42]

**Conclusion and Recommended Disposition**. Substantial evidence supports the ALJ's decision because a reasonable mind will accept the evidence as adequate to support the decision. The ALJ made no legal error. For these reasons, the undersigned magistrate judge recommends DENYING Spears's request for relief (docket entry # 2) and AFFIRMING the Commissioner's decision.

Dated this 25th day of July, 2016.

_____

United States Magistrate Judge

---

[40]*Id*. at pp. 60-61.

[41]*Id*. at p. 61.

[42]42 U.S.C. § 1382c(a)(3)(B).